IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| RONALD KIRCHNER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF MARYLAND, )<br>)<br>Respondent. )<br>) | Civil Action No.: 23-cv-2595-LKG<br><br>Dated: September 30, 2025 |

### MEMORANDUM OPINION

Self-represented Petitioner Ronald Kirchner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for Baltimore City, Maryland for two counts of assault and wearing, carrying, or transporting a weapon with intent to injure. ECF No. 1.[1] On February 21, 2024, Respondent filed an Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 15. Kirchner responded. ECF No. 17.

There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

### I. BACKGROUND

On March 10, 2003, a five-count criminal information was filed against Kircher in the Circuit Court for Baltimore City, Case No. 503078008, charging him with the attempted murder of Seider, first and second-degree assault of Seider, and wearing, carrying, or transporting a deadly weapon with intent to injure, and conspiracy to commit murder. ECF No. 15-1 at 10-11. On the same day, the State filed a second criminal information against

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

1

Kirchner in the Circuit Court for Baltimore City, under Case Number 503078009, charging him with the second-degree assault of Korangy. *Id.* at 25. The cases were tried together, beginning on September 24, 2003. *Id.* at 12-13-4, 26-27. Kirchner's motion for judgment of acquittal was granted on September 25, 2003, as to the conspiracy count. ECF No. 15-4 at 209. On September 26, 2003, Kirchner was convicted by the jury of the first-degree assault as to Seider, wearing or carrying a deadly weapon, and the second-degree assault as to Korangy. He was found not guilty on the charge of attempted murder. ECF No. 15-1 at 12-13, 27; ECF No. 15-5 at 77-81.

In an unrelated case, in June of 2003, Kirchner was convicted in the Circuit Court for Harford County (Case No. 12-K-03-000278) of first-degree assault and three counts of second-degree assault. ECF No. 15-1 at 40-41. He was sentenced to an aggregate term of 36 years and one day of incarceration, with all but 25 years and one day suspended. *Id.* at 40-41, 59-60.

On October 7, 2003, Kirchner was sentenced in the Baltimore City cases to an aggregate sentence of 35 years' incarceration. ECF No. 15-6 at 37. The court imposed 25 years for the first-degree assault of Seider and stated that the sentence would run "consecutive to all sentences that he's now serving." *Id.* The court then imposed 10 years' incarceration for the second-degree assault of Korangy, consecutive to the first-degree assault sentence. *Id.* The weapons offense merged for sentencing purposes. *Id.*

Kirchner noted an appeal to Appellate Court of Maryland (formerly known as the Court of Special Appeals of Maryland). ECF No. 15-1 at 140. The Appellate Court of Maryland affirmed Kirchner's convictions by unreported opinion filed on September 28, 2005, with the mandate issuing on October 28, 2005. *Id.* at 140-155.

Kirchner's timely petition for writ of certiorari filed in the Supreme Court of Maryland (then known as the Court of Appeals of Maryland) (*id.* at 156-65) was denied on February 10, 2006. *Kirchner v. State*, 391 Md. 115 (2006) (table).

Kirchner did not file anything else regarding his criminal case until May 8, 2012, when he filed a petition for postconviction relief in state circuit court. ECF No. 15-1 at 166-75. The State filed an answer and on September 9, 2013, the circuit court held a hearing on Kirchner's petition. *Id.* at 16. On September 19, 2013, the postconviction court denied Kirchner's petition for postconviction relief. *Id.* at 176-80.

Kirchner filed a timely application for leave to appeal the denial of his postconviction petition. ECF No. 15-1 at 181-89. On June 18, 2014, the Appellate Court of Maryland issued an order vacating Kirchner's sentence, holding that the sentencing court misunderstood the precise configuration of the sentences that the Harford County Circuit Court had imposed, and the case was remanded for resentencing. *Id*. at 190-91.

On March 18, 2015, Kirchner filed a "Motion for Appropriate Relief" asking the Baltimore City Circuit Court to resentence him in accordance with Appellate Court of Maryland's mandate. ECF No. 15-1 at 193-95. The court issued an Order on March 24, 2015, scheduling a sentencing hearing. *Id*. at 196.

Kirchner appeared before the Circuit Court for Baltimore City on May 29, 2015, for resentencing. ECF No. 15-8 at 1-3. The Court imposed the same sentence as before: 25 years for the first-degree assault and a consecutive 10 years for the second-degree assault but clarified the 35-year aggregate sentence was to run consecutively only as to the one year and a day sentence imposed in the Harford County case. *Id*. at 4. The court indicated the "start date" for Kirchner's Baltimore City sentences would be December 28, 2002. *Id*. at 5. Thereafter, the court entered a commitment order reflecting the sentence set forth at the May 29, 2015, hearing. ECF No. 15-1 at 198-99. That form stated that "[t]he total time to be served is 35 [years] to run: . . . consecutive to the sentence imposed in Case No. 12K030278[.]" ECF No. 15-1 at 198. The commitment order also stated that Kircher was to be awarded 4,532 days credit for time served. *Id.*

On July 1, 2015, Kirchner filed a "Motion for Appropriate Relief to Correct Commitment Record." ECF No. 15-1 at 200-06. Kirchner argued that his commitment record was ambiguous because it stated that his sentence was to run "consecutive to the sentence imposed in Case No. 12K030278" rather than specifying that the sentence was to run consecutive only to the year and a day sentence imposed in that case. *Id*. On August 17, 2015, Kirchner filed a Motion for Modification and/or Reduction of Sentence pursuant to Md. Rule 4-345. ECF No. 15-1 at 207-212. The motion was denied on August 26, 2015. *Id*. at 213.

Next, on April 15, 2016, Kirchner filed a "Motion for Relief to Correct Sentence" asserting that on November 15, 2015, he "was told he had a 50 year sentence." ECF No. 15-1 at 214-16. He asked for another sentencing to correct the error. *Id*. at 215. He filed another

3

motion on July 28, 2016, again asking the court to correct the commitment record. *Id*. at 217-19. He also filed a letter with the Circuit Court for Baltimore City on August 29, 2016 (dated March 14, 2016), seeking correction of his sentence. *Id*. at 220.

The Circuit Court for Baltimore City issued an Order on August 29, 2016, construing Kirchner's letter as a Motion to Correct an Illegal Sentence and directing that his commitment record be amended to clarify that his aggregate 35-year sentence for the Baltimore City case was to run consecutively to the one year and a day sentence on Count 4 of the Harford County case. ECF No. 15-1 at 221. On August 31, 2016, the court issued a superseding commitment record, however, it did not include the clarifying language the court had directed. *Id.* at 222-23.

Subsequently, on October 27, 2016, the Marland Department of Public Safety and Correctional Services ("DPSCS") wrote to the Circuit Court for Baltimore City identifying two "discrepancies" with Kirchner's commitment record explaining that: (1) "the imposition date should read 05/29/2015, as the original sentence was vacated and [Kirchner] was th[e]n resentenced on this date" and (2) the court ordered the commitment record be corrected to reflect that the Baltimore City sentence was to run consecutively to just Count 4 of the Harford County case but that correction was not on the amended commitment record DPSCS received. *Id*. at 224.

On November 2, 2016, the Baltimore City Circuit Court issued another superseding commitment record, specifying that Kirchner's Baltimore City sentence was to run consecutively only as to Count 4 of the Harford County case. *Id*. at 225.

On March 13, 2017, Kirchner filed a petition for writ of habeas corpus in the Circuit Court for Allegany County. ECF No. 15-1 at 227-30. He asserted that DPSCS miscalculated his sentence and the days earned for time served. *Id*. He claimed he "should be serving a term of 36 years and 1 day, less 4,532 days of credit" and less 4,393 days of diminution credits, arguing he should have been released on August 1, 2014. *Id.* at 228-29. The State responded, arguing that the petition should be dismissed because Kirchner failed to exhaust his administrative remedies. *Id*. at 235-38. The court agreed and dismissed the petition on October 12, 2017, finding Kirchner had failed to exhaust administrative remedies. *Id*. at 248.

Kirchner appeared on December 5, 2017, in the Circuit Court for Baltimore City regarding an additional issue with the commitment record. ECF No. 15-9 at 1-3. The court

stated that in May of 2015, when Kirchner was sentenced on remand, it awarded 4,532 days' credit for time served which was then reflected in the commitment records issued after the resentencing. *Id*. at 4. The court explained "that was in error" and Kirchner was not entitled to any days' credit of time served, instead his sentence "start[ed] at the end of [his] completion of the sentence in, Count IV [of the Harford County case], which [the court] believe[d] ended sometime in December of 2003." *Id*. The court then directed that the amended commitment record would "read exactly as the [previous] commitment record, with the exception that [Kirchner would not be] awarded any days credit." *Id*. The court summarized, "So your 35 year sentence starts at the end that year and a day sentence in Harford County, which as I believe ended—I don't have the exact date, but it was . . . I believe December of 2003. So that's when your 35 year sentence started." *Id*. at 5.

After the hearing, the court issued another superseding commitment record listing the same sentence: 35 years consecutive to Count 4 of the Harford County Case but indicated that no credit for time served was awarded. ECF No. 15-1 at 249-50.

Kirchner filed an Application for Leave to Appeal on January 18, 2018, alleging that based on his calculation he should have been released in 2016. ECF No. 15-1 at 251-54. Kirchner calculated his sentence as beginning in 2002, added 36 years and subtracted 4,532 days of credit for time served and 1,676 days of diminution credits. *Id*. at 252. He complained that the court "took back the 4,532 days" of credit for time served and in doing so committed reversible error in violation of Md. Rule 4-215, which governs the waiver of counsel. *Id*. at 253. Additionally, he argued that the Maryland Division of Correction should have released him prior to the amendment of his commitment record on December 5, 2017, because under the prior commitment record he was entitled to be released. *Id*. at 252-53.

On February 12, 2018, the court entered an order directing Kirchner to show cause within 15 days why his notice of appeal (application for leave to appeal) should not be stricken as untimely. *Id*. at 255. Having failed to timely respond, on April 9, 2018, the court issued an order denying the belated application for leave to appeal.[2] *Id*. at 259.

---

[2] Kirchner filed a response to the order to show cause, ECF No. 15-1 at 256, but it is unclear when the court received that response. *Id*. The response is undated but stamped received by the Clerk on February 29, 2018, with a handwritten/initialed line through the date stamp of either March or May. *Id*. at 256.

5

Case 1:23-cv-02595-LKG    Document 18    Filed 09/30/25    Page 6 of 9

On May 31, 2018, Kirchner filed a Motion to Correct Illegal Sentence arguing that on December 5, 2017, the Court imposed a "new" "illegal and ambiguous" sentence because the court denied him counsel and "took back the 4,532 days" of credit for time served. ECF No. 15-1 at 260-65. He requested that the credit for time served be reinstated. *Id*. at 255. The Motion was denied on June 22, 2018. *Id*. at 266.

Kirchner filed an "Application for Leave to Appeal" on August 21, 2018. ECF No. 15-1 at 267-71. The Circuit Court for Baltimore City entered an order on August 28, 2018, directing Kirchner to show cause why his notice of appeal (captioned as an application for leave to appeal) should not be stricken as untimely. *Id*. at 22. Kirchner did not file a timely response and on December 6, 2018, the court entered an order that the notice of appeal was denied. *Id*. at 22, 276. The Appellate Court of Maryland issued an Order on April 2, 2019, administratively closing the appeal because the notice of appeal had been stricken. *Id*. at 276-77. Kirchner's petition for writ of certiorari filed in the Supreme Court of Maryland was denied on July 26, 2019. *Id*. at 278-83.

On September 21, 2023, Kirchner's federal habeas petition was docketed. ECF No. 1. Kirchner certified that the petition was mailed on September 18, 2023. *Id*. at 13; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

Kirchner raises four grounds for habeas relief. ECF Nos. 1 and 5. First, he claims that the state is unlawfully confining him "past his actual release date." ECF No. 5 at 6. Second, Kirchner contends that the December 5, 2017 "resentencing" was unlawful because his sentence was not illegal and there was no basis for the court to resentence him. ECF No. 5 at 6. Third, Kirchner claims that the December 5, 2017 hearing was held without reasonable notice to him or counsel and so he appeared without counsel. *Id*. Lastly, Kirchner claims he was denied the right to counsel at the December 5, 2017 hearing. *Id*.

## II.    DISCUSSION

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Kirchner's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

6

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Where a Petitioner asserts that his release date has been miscalculated, courts have taken two approaches as to when the limitations period begins to run. Some have held that the petitioner could not assert he was in custody in violation of the United States before the time when, according to the petitioner's calculation, he was to be released. *James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002). Other courts have found that the statute of limitations runs from when the petitioner became aware of the miscalculation. *See Mitchell v. Department of Corrections*, 272 F. Supp. 2d 464 (M.D. Pa. 2003) (collecting cases and explaining differing start dates for statute of limitations).

Under either scenario, Kirchner's petition is untimely. While Kirchner has calculated his release date as being sometime between 2014 and 2016 (ECF No. 5 at 6; ECF No. 15-1 at

228-29, 252) and the start date of the statute of limitations could arguably run from any of those dates, it is clear that the statute of limitations began to run no later than December 21, 2017, when Kirchner knew, or should have discovered with the exercise of due diligence, the factual predicates of his claims. *See* 28 U.S.C. 2244(d)(1)(D). Kirchner was present at the December 5, 2017, hearing where the court clarified his sentence as to the credits for time served and a new superseding commitment record was issued removing the grant of credit toward his sentence for time served. Additionally, Kirchner has provided a printout he received from DPSCS dated December 21, 2017, which recalculated his sentence in light of the new superseding commitment order and provided him a new projected release date. ECF No. 1-7 at 4. Accordingly, Kirchner knew, or could have discovered with the exercise of due diligence, on December 21, 2017, that DPSCS had recalculated his release date in response to the superseding commitment record.

After the December 5, 2017, hearing, Kirchner filed an Application for Leave to Appeal, a Motion to Correct Illegal Sentence, an "Application for Leave to Appeal" the denial of that Motion, and a petition for writ of certiorari. But his state court proceedings concluded on July 26, 2019, when his petition for writ of certiorari was denied. Kirchner did not file the instant case until September 18, 2023, over four years later. As such, his federal habeas Petition is time-barred under 28 U.S.C. § 2244(d).

After being directed to state why his Petition should not be dismissed as time-barred, Kirchner asserts that the AEDPA statute of limitations does not apply to his petition and that extraordinary circumstances stood in his way and prevented his filing the Petition. ECF No. 17 at 1. Kirchner is mistaken as to the applicability of the statute of limitations to his petition. Additionally, the only arguable support for this claim that he was prevented from timely filing is his assertion that he timely filed a response to the state court's order to show cause why his application for leave to appeal should not be dismissed but the state court Clerk tampered with the filing, changing the date it was received. *Id.* Thereafter, his other filings were all denied/dismissed as untimely. *Id.* But the disputed filing occurred in 2018. ECF No. 15-1 at 256. Kirchner offers no explanation as to why he waited over four years after the conclusion of his state proceedings (July 26, 2019) to institute this case (September 18, 2023). He has not offered any explanation for this delay.

In short, to the extent Kirchner's assertions are claims that he is entitled to equitable tolling, he has not shown either that there was wrongful conduct by Respondent that prevented him from filing on time or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Additionally, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Kirchner's self-represented status does not excuse him from the requirements of § 2244(d).

### III.  CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Kirchner fails to satisfy this standard, the Court declines to issue a certificate of appealability. Kirchner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.  CONCLUSION

For the foregoing reasons, the Court will deny Kirchner's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. A separate Order follows.

September 30, 2025
Date

LYDIA KAY GRIGGSBY
United States District Judge